# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN L. SCOTT, | Case No. 2:17-cv-02289-KJD-PAL |
| Petitioner, | **ORDER** |
| v. | |
| SUSAN JOHNSON, et al., | |
| Respondents. | |

Petitioner has filed an application to proceed in forma pauperis (ECF No. 7). Petitioner already has paid sufficient money toward an initial installment. Petitioner must still pay the filing fee in full through monthly installment payments.

In recent state-court post-conviction proceedings, petitioner was represented by Susan Bush. At the conclusion of those proceedings, petitioner asked Bush for the case file. Petitioner believed that Bush did not deliver all of the case file to him. Petitioner asked the state district court to compel Bush to deliver the entire case file to him. The state district court denied the motion based upon Bush's insistence that she already had delivered the entire case file to him. Petitioner then filed a petition for a writ of mandamus in the Nevada Supreme Court, asking that court to direct the state district court to order Bush to deliver the entire case file to him. The Nevada Supreme Court referred the matter to the Nevada Court of Appeals. The Nevada Court of Appeals determined that intervention by an extraordinary writ was not warranted, and it denied

1

the petition. Petitioner now asks this court to issue a writ of mandamus to the state district court, directing it to order Bush to deliver the entire case file to him.

This court lacks jurisdiction to consider the petition for a writ of mandamus. The All Writs Act, 28 U.S.C. § 1651, allows the court to grant extraordinary writs where the court has jurisdiction. However, the All Writs Act does not confer jurisdiction by itself; instead, another statutory or constitutional provision must confer jurisdiction upon the Court. Stafford v. Superior Court, 272 F.2d 407, 409 (9th Cir. 1959). No such provision exists that would give this Court jurisdiction to issue a writ of mandamus to a state court. See Demos v. United States Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

The court also cannot construe the petition for a writ of mandamus as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is in custody due to a judgment of a conviction of the Eighth Judicial District Court of the State of Nevada, Case No. 01C180118. In Scott v. Neven, Case No. 2:06-cv-01514-JCM-LRL, petitioner filed in this court a § 2254 petition that challenged the validity of the same judgment of conviction. The court dismissed Scott v. Neven on the merits. Petitioner later filed another § 2254 petition in this court in Scott v. Gentry, Case No. 2:17-cv-01592-APG-CWH. The court dismissed that as an unauthorized second or successive petition. See 28 U.S.C. § 2244(b). Petitioner has filed with the court of appeals a request for authorization to file a second or successive habeas corpus petition, but the court of appeals has not yet ruled upon the request. Scott v. Gentry, Case No. 18-70052. If the court were to construe the current mandamus petition as a § 2254 petition, it would suffer the same fate as the 2017 petition.

IT THEREFORE IS ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 7). is **GRANTED**. Petitioner will not be required to pay an initial partial filing fee. However, even though this action is being dismissed, by commencing this action petitioner incurred the obligation to pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to petitioner's account (inmate #73087), in the

months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The court already has received $38.00 from petitioner. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT FURTHER IS ORDERED that this action is **DISMISSED** for lack of jurisdiction. The clerk of the court shall enter judgment accordingly and close this action.

DATED: May 3, 2018

_____
KENT J. DAWSON
United States District Judge